OPINION
{¶ 1} Plaintiff-appellant Michael A. Davis appeals a judgment of the Court of Common Pleas of Perry County, Ohio, which determined his child support and spousal support obligations. Appellant assigns a single error to the trial court:
 {¶ 2} "I. AWARDS OF SPOUSAL SUPPORT AND CHILD SUPPORT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN BASED UPON INACCURATE DETERMINATION OF WIFE'S INCOME."
 {¶ 3} The record indicates appellant and defendant-appellee Stephanie L. Davis were married in 1990, and produced four children, who were school aged minors at the time of the final hearing. In this divorce action, the parties reached an agreement on all issues except spousal support and child support. Appellant is the residential parent of the oldest child and appellee is the residential parent of the other three children.
 {¶ 4} While the case was pending, appellee was terminated from her employment, but at the final hearing on December 28, 2005, she testified she had been employed by Ferguson Consulting since November 1, 2005. She testified her salary was $40,000.00 per year.
 {¶ 5} The trial court found appellee recently lost her job, and her only source of income was unemployment compensation. In completing the child support worksheet, the court listed appellee's income as $3,552.00 per year. Appellant argues this is against the manifest weight of the evidence, and the child and spousal support orders based on the lower figure are incorrect.
 {¶ 6} Appellate courts review the factual findings concerning issues of spousal support using a manifest weight of the evidence standard,Fletcher v. Fletcher (1994), 68 Ohio St. 3d 464. In Fletcher, the Supreme Court directed us not to re-weigh the evidence introduced in the trial court but rather, to uphold the findings where the record contains some competent evidence to sustain the trial court's conclusions. If a trial court does not make separate findings of fact and conclusions of law, this court must presume the validity of the judgment so long as there is evidence in the record to support it, Fletcher at 468, citations deleted.
 {¶ 7} Appellee concedes the court was mistaken in the figure it used for her income, and agrees the child support worksheet must be re-calculated. However, she does not concede the spousal support is improper. Unlike child support, spousal support is not calculated using a formula. R.C. 3105.18 sets forth various factors for the court to consider in its discretion. Appellee argues the trial court did not abuse its discretion in determining spousal support in the amount of $175 per month for seven years was reasonable and appropriate.
 {¶ 8} Our standard of reviewing decisions regarding the necessity and amount of spousal support is the abuse of discretion standard,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217. The Supreme Court has held the term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable, Id. at 219.
 {¶ 9} R.C.3105.18 requires the court to consider the parties' respective incomes and obligations. Here the court used incorrect figures. While a court has considerable discretion in determining spousal support, a support order is unreasonable and arbitrary if the factors the court considers are incorrect.
 {¶ 10} We find the decision of the trial court is against the manifest weight of the evidence, and the trial court must reconsider its award of spousal support and correct the child support worksheet.
 {¶ 11} The assignment of error is sustained.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
BY Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.